IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TONY DANIELS, JR.
Reg. #26688-044                                                                         PETITIONER

V.                           NO. 4:21-CV-01242-LPR-ERE

STATE OF ARKANSAS                                                                    RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

I.   Summary

Tony Daniels, Jr., a federal prisoner incarcerated in the Hazelton Federal Correctional Institution, in Bruceton Mills, West Virginia, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 state conviction. *Doc. 1*. In addition, he implicitly challenges the federal sentence he is currently serving. The Court recommends that the Petition be summarily dismissed without prejudice for lack of federal jurisdiction because: (1) Mr. Daniels is not "in

1

custody" for purposes § 2254; and (2) the Court is without jurisdiction to entertain a challenge to his federal sentence.[1]

## II. Background

In 2008, Mr. Daniels pleaded guilty in the Craighead County Circuit Court in Jonesboro, Arkansas to delivery of less than 28 grams of methamphetamine, for which he received a five-year suspended sentence. *Doc. 1 at 1*. Mr. Daniels acknowledges that he did not file a direct appeal, nor did he file a motion for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. *Id. at 2-4*. He did, however, file a motion to expunge the conviction in the Craighead Circuit Court. *Id. at 3*. Mr. Daniels does not state when he filed the motion to expunge, but he reports that the state court took no action on his motion. *Id. at 4-5*.

Currently, Mr. Daniels is serving a 267-month federal sentence imposed in the Eastern District of Arkansas. On September 7, 2017, he pleaded guilty to possession with intent to distribute more than 50 grams of actual methamphetamine.

---

[1] A petitioner challenging a federal sentence or conviction generally must do so in the sentencing court, with a motion to vacate, set aside or correct his federal sentence under 28 U.S.C. § 2255. As explained in this Recommendation, Mr. Daniels previously filed a § 2255 motion in the Eastern District of Arkansas, which was denied, and the Court lacks jurisdiction to entertain a successive § 2255 motion *or* to address the validity of Mr. Daniels' state conviction. In addition, Mr. Daniels cannot pursue habeas relief under 28 U.S.C. § 2241 because he is not confined in this District. See 28 U.S.C. § 2241; *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

*United States v. Daniels*, 4:15-cr-00180 SWW (*Doc. 40 at 13*). On December 16, 2017, United States District Judge Susan Webber Wright sentenced him as a career offender under U.S.S.G. § 4B1.1 based, in part, on his 2008 state conviction. *Id., doc. 40*. At sentencing, Mr. Daniels argued that the 2008 conviction did not qualify as a predicate offense under § 4B1.1 because he received a suspended sentence and never served time in prison. *Id., Doc. 41 at 4-5*. Judge Wright overruled the objection at sentencing and rejected it again when she denied Mr. Daniels' motion to vacate, set aside or correct his federal sentence under 28 U.S.C. § 2255. *Id., Doc. 73 at 7*.

On December 28, 2021, Mr. Daniels filed the § 2254 Petition now before the Court. He challenges his 2008 state conviction on the following grounds:

(1) His five-year suspended sentence was illegal (*Doc. 1 at 5, Doc. 2 at 2-3*); and

(2) He received ineffective assistance of counsel because his trial attorney failed to go over legal documents with him, advised him to plead guilty, and failed to file a notice of appeal (*Doc. 1 at 8, Doc. 2 at 4*).

In addition, Mr. Daniels implicitly challenges his federal sentence on the following grounds:

(1) The statute of conviction for his 2008 controlled substance offense, Arkansas Code § 5-64-401 (repealed 2011),[2] was "known to be overbroad"

---

[2] Arkansas Code § 5-64-401 was repealed by Acts of 2011, Act 570, § 33, effective July 27, 2011. In its place, the Arkansas Legislature enacted, among other laws, Ark. Code Ann. § 5-64-420, "Possession of methamphetamine or cocaine with the purpose to deliver"; § 5-64-422, delivery of methamphetamine or cocaine"; and § 5-64-424, "Possession of a Schedule I or Schedule II controlled substance that is not methamphetamine or cocaine with the purpose to deliver."

3

and "can no longer be used" to enhance a state or federal sentence (*Doc. 1 at 6*); and

(2) His 2008 conviction was "expunged due to constitution[al] errors and show[n] to be overbroad[,]" and he "tried to show the federal court that this charge [had] been expunged . . . [,] but they stated it was not .  . . ."[3] *Id.* at 9.

### III.  Discussion

District courts are required to conduct an initial review of § 2254 petitions to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rules 1, 4 Rules Governing § 2254. In conducting this review, the district court has a duty to decide whether it has subject matter jurisdiction to entertain the petition, see *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*"), and "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy,* 200 F.3d 1137, 1140 (8th Cir.1999)).

Section 2254 confers jurisdiction on district courts to entertain petitions for habeas relief by "a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

---

[3] Elsewhere in the Petition, Mr. Daniels acknowledges that the state trial court *did not* act on his motion to expunge his 2008 conviction. Doc. 1 at 3, 5-6.

To the extent that Mr. Daniels challenges his 2008 state conviction or sentence, the Court lacks jurisdiction to entertain his Petition. Mr. Daniels' 2008 state conviction has expired, and the fact that it served as a predicate for his federal sentence does not render him "in custody pursuant to the judgment of a State court" under § 2254(a). A habeas petitioner does not remain "in custody" pursuant to a state conviction "after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Instead, Mr. Daniels is "in custody" pursuant to his 2017 federal conviction. *Id*. ("When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'")

In addition to attacking the validity of his 2008 state conviction, Mr. Daniels argues that it cannot serve as a predicate offense for his federal sentence. He made the same argument in his motion to vacate, set aside or correct his federal sentence under 28 U.S.C. § 2255. *United States v. Daniels*, 4:15-cr-00180 SWW (*Doc. 58 at 16)*. Judge Wright found the argument foreclosed by Mr. Daniels' plea agreement, and she rejected it on the merits. *Id., Doc. 73 at 7*. Mr. Daniels' current challenge to his federal sentence is equivalent to a second or successive § 2255 motion. Under the Antiterrorism and Effective Death Penalty Act of 1996, all successive § 2255 motions must be authorized by the appropriate court of appeals before they may be

considered by a district court. 28 U.S.C. § 2244(b(3)(A). Because Mr. Daniels did not receive such authorization from the Eighth Circuit, the Court lacks jurisdiction to entertain his Petition as to his federal sentence. In addition, Mr. Daniels cannot pursue habeas relief under 28 U.S.C. § 2241 because he is not confined in this District. See 28 U.S.C. § 2241. *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S. Ct. 2711, 2722, 159 L. Ed. 2d 513 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED that:

1.   Petitioner Tony Daniels, Jr.'s § 2254 Petition be DISMISSED for lack of subject matter jurisdiction.

2.   A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[4]

DATED this 26th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] A certificate of appealability should be denied because Mr. Daniels has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).